MONTGOMERY SPECIAL TERM, December, 1848.
*Willard,* Justice.

VAN ALLEN and wife *vs.* MOOERS and others.

A testator, by his will, devised as follows: " The remainder of the wood-land I also give of lot No. 4 to my grand-daughter Maria S. of my daughter J. forty acres of wood land taken off and the remainder supposed to be twenty-five acres of wood land I also bequeath to my grand-daughter of my son George Maria and Catharine included Maria S. Maria V. E., Catharine V. E. my

Van Allen v. Mooers.

grand-daughters I gave the above mentioned to them their heirs and assigns forever." On a petition by Maria S. for a partition of the twenty-five acres of wood land, claiming one-third part thereof, under the will; *Held* that the remainder of the wood lot, after taking out the 40 acres first devised to Maria S. was devised to Maria V. E. and Catharine V., E. and that Maria S. took no part thereof.

Whether an adjective shall refer exclusively to the last preceding antecedent, or may refer also to one or more, further back, depends upon the intent of the writer.

THIS was a petition by Thomas Van Allen and Maria his wife, for the partition of lands situate in the town of Canajoharie, in the county of Montgomery, in which the petitioners, in the right of Mrs. Van Allen, claimed to have an estate of inheritance in one equal undivided third part, under the last will and testament of Rynear R. Van Evera, deceased. And the petitioners alleged in their petition that the other two third parts thereof were owned by the defendants Nathaniel Mooers and Mary Jane his wife, in her right, and Alida Catharine Van Evera, each owning an undivided third part in fee. The defendants put in a plea denying that they held the premises as tenants in common with the petitioners, and insisting that they were the sole owners of the premises in fee, by virtue of the last will of the said Rynear R. Van Evera, deceased. There being no facts in dispute, and the question involved being the legal construction of the said will, the counsel for the respective parties agreed to the following case for the decision of the court, viz: That the testator, Rynear R. Van Evera, departed this life on the 11th day of February, 1844, leaving his last will and testament bearing date December, 21, 1842, duly executed and published to pass real estate, in full force. That by that will, after making a provision for his wife, and bequeathing to the two sons of his son George Rynear his river flats, and a portion of his up-land, and to the children of his daughter Eliza 150 acres of land, he devised as follows: "I also give of lot No. 4 to my grand-daughter Maria Spencer of my daughter Jane forty acres of wood-land taken off and the remainder supposed to be twenty-five acres of wood-land I also bequeath to my grand-daughter of my son George Maria and

Catharine included Maria Spencer Maria V. Evera Catharine V. Evera my grand-daughters I gave the above mentioned to them their heirs and assigns forever." It was also agreed that the testator died seised and possessed of the premises in question as well as of the other real estate devised by his said will. That the petitioner Maria Van Allen, and the defendants Mary Jane, wife of the defendant Nathaniel Mooers, and Alida Catharine Van Evera were the grand-daughters of said testator, and the same persons named and described in said will as "Maria Spencer and V. Evera and Catharine V. Evera," and that the said Maria Van Allen was the only child of Jane Van Evera, a deceased daughter of the testator, and that "Mary Jane" and "Alida Catharine" were daughters of George Van Evera, the son of the testator. That the said three grand-daughters, at the time of making the will, and at the death of the testator, had no other property than what was given to them by said last will and testament. And it was stipulated that in case the court should be of opinion that by the true construction of said last will and testament, one-third of said premises was devised to said petitioner "Maria," as alleged in the petition, judgment should be given to make partition and to appoint commissioners, &c. as prayed for in said petition. But if, on the contrary, the court should be of the opinion that the premises in question were devised solely to the defendants "Maria V. Evera and Catharine V. Evera," to the exclusion of said petitioner "Maria" therefrom, that judgment should be given in favor of the defendants, with costs, according to law.

*Chas. Sacia,* for the petitioners.

*H. Loucks,* for the defendants.

WILLARD, J. The testator intended to divide the wood lot, mentioned in the will as No. 4, between his three grand-daughters, so that Maria Spencer who represented the testator's deceased daughter Jane, should take forty acres in fee and in severalty, and the other two grand-daughters Maria and Cath-

Van Allen v. Mooers.

arine, representing the testator's son George, should take the remainder in fee and as tenants in common as between themselves. The doubt which has been raised as to the true construction of the devise arises from the words in the paragraph beginning with the word "included." The complainant contends that these words control the prior devise to Maria and Catharine, of the residue, and give it to the three grand-daughters in fee, as tenants in common. I think this is not the true construction of the will. The words "above mentioned" in the clause under discussion, refer to the wood lot above mentioned, the entire subject of the devise, and not to that part of it above, which remains after taking off the forty acres devised to Maria Spencer. Whether an adjective shall refer exclusively to the last preceding antecedent, or may refer also to one, or more, further back, depends upon the intent of the writer. In this case, the natural sense of the passage requires the adjective to refer to both devises. Such too, is the grammatical construction of the sentence. (*See the case of Areson v. Areson,* 3 *Denio,* 458, *in the court of errors.*) The part of a sentence in the words "included Maria Spencer, Maria V. Evera and Catharine V. Evera my grand-daughters, I gave the above mentioned to them, their heirs and assigns forever," must be construed distributively; and it thus means, that the portion given to Maria Spencer is given to her and her heirs and assigns forever, and the portion given to Maria and Catharine is given to them and their heirs and assigns forever. It was probably added by the testator by way of caution, to denote the quantity of interest which each devisee took under the will. The testator may not have been aware that by the revised statutes, (1 *R. S.* 748, § 1,) the preceding words carried the fee to the devisees. And it is observable that in every other part of the will, in which he devises real estate, he adds the usual words of inheritance, showing beyond controversy, that he intended the devisees should take in fee.

The latter member of the sentence from the words "included" must be construed by itself. It cannot, without violence, be connected with the preceding matter. It is absurd to sup-

Van Allen *v.* Mooers.

pose that while giving a part of a wood lot to his grand-daughters, the daughters of his son George, he should include under the same description, his grand-daughter Maria A. Spencer, to whom he had in the same sentence, devised the other portion of the lot, describing her as the daughter of his daughter Jane. When read by itself, it simply means that he had given the whole lot to his three grand-daughters, their heirs and assigns forever, in the proportions before expressed. This will thus interpreted, is consistent in all its parts, judicious in its provisions and consonant with the testator's affections and social duties. The testator never had but three children, two daughters and a son. Both the daughters were dead when the will was made. The children of his daughter Eliza were provided for by the devise to them of a farm of one hundred and fifty acres. The grand-son of the testator by his son George, took another farm and the stock. Thus, all the grand-children were provided for but Maria Spencer, the daughter of the testator's daughter Jane, and Maria and Catharine, the daughters of George. To these he gave the wood lot in the manner which has been stated. Throughout the will, the testator kept each branch of his descendants separate. In no instance has he connected the branches of different families, in the same legacy, unless the case in question be an exception. In my judgment, it would do violence to the language to suppose that the testator intended to connect them in this instance.

Being therefore of opinion, that the testator devised the premises mentioned in the petition to the defendants Maria and Catharine alone, there must be judgment for the defendants, according to the terms of the stipulation, with costs.

*Note.* The above decision was affirmed on appeal, at a general term of the court, held in the county of Clinton, on the first Monday of July, 1849, by Justices Paige, Willard and Hand.