BENJAMIN F. HOPKINS, Administrator of Richard Lemon, Appellant, *vs.* DAVID HOLT and wife.

APPEAL FROM CIRCUIT COURT, DANE COUNTY.

Heard August 2.]                    [Decided August 10, 1859.

*Will—Legacy—Mortgage—Advancement.*

A devise which provided, "it is my will, as I have made some advances of money and other property to my children, as will appear by notes of hand and my book accounts, I hold, of long or short standing, to be considered as so much of their portion individually," did not embrace a debt due from one of the devisees to the testator, evidenced by a bond and mortgage; but such a debt may be collected by the executor.

If there had been evidence that the amount of the debt was less than the por-

tion of the devisee, and that no other money had ever been advanced or lent to the mortgagor, except this debt, then such debt might be considered as a part of the portion of the devisee; but the burden of proof of such facts is on the mortgagor, and not on the executor.

The court will presume that a testator properly described the debts and property to which he refers in his will.

A land warrant may be embraced in and given to a devisee by the words "other property," in a will.

This was a suit in equity brought to foreclose a mortgage given by the defendants to the testator, Richard Lemon in his lifetime. The bill was in the usual form, and answered without oath, which admitted the making of the will, &c., also the making of the bond and mortgage, but denied that anything was due upon it. That by virtue of the will of Richard Lemon the defendant Ann Holt, the child and heir at law of Lemon, was entitled to a share or portion of his real and personal estate; and that by the will this bond and mortgage was referred to and was an advancement of money to her towards her share or portion. That during his lifetime Lemon delivered the bond and mortgage to the defendants, with a satisfaction piece indorsed thereon; but that the same had been re-delivered to Lemon for the purpose of settling up his estate during his lifetime.

On the trial the plaintiff introduced the bond and mortgage, and also proved by witnesses, that the decedent and Holt had talked together in relation to this mortgage; that Holt desired to procure a school loan on the land, and therefore desired that it be released, and he would then make security upon other property. That he had given Holt a land warrant worth fifty dollars, which Holt located in his own name. That Holt had said that he was indebted to Lemon $1,200 or $1,400. That Holt had also given a note to the decedent for money loaned to him. Several letters from Holt to Lemon were also read relating to this loan of the money, but not varying the other evidence. There was no evidence given by the defendants.

Upon this evidence the circuit court dismissed the bill; and the administrator appealed to this court.

*Orton & Hopkins,* for the appellant.

*Smith & Keyes,* for the respondents.

*By the Court*, PAINE, J.   The decision of this case turns entirely on the question, whether the indebtedness which this suit was brought to enforce the payment of, was included in that provision of the testator's will in relation to advancements to his children.   That provision is as follows :   "And it is my will, as I have made some advances of money and other property to my son James, and to Nelson and Norton Emmons, the husbands of my daughters Matilda and Elizabeth, and to David Holt, husband of my daughter Ann, as will appear by *notes of hand and my book accounts*, I hold, of long or short standing, to be considered as so much of their portion individually."

The indebtedness sued for here was evidenced by a bond and mortgage, and the only defense urged was that under the above clause it should be considered as an advancement to Ann Holt, and a part of her portion.   But if this position can be sustained at all, it must be for some reason that will warrant the court in holding that the words of the will were used in a sense different from their obvious and ordinary import. Because it is clear from the language in its ordinary sense that the debts which the testator intended to have treated as advancements were evidenced either by ".notes of hand," or "book accounts."   This is so plain as to leave no ambiguity, and to make the maxim applicable, that where there is no ambiguity, no exposition shall be made contrary to the express words of the instrument.   It seems impossible therefore to say, judging merely from the face of the will, that a debt evidenced by bond and mortgage was intended by language referring only to debts evidenced by " notes of hand," or " book accounts."

But the rule is that the intent of the testator is to govern, and that to get at that intent, the instrument may be construed in the light of evidence, as to extrinsic circumstances and

facts, which may enable the court to determine the true meaning of the words used, and we are not prepared to say that in this case it might not have been possible to show a state of facts that would have justified the court in holding that this debt was intended, by the words used in the will. Thus if it had been shown that the amount of this indebtedness was less than the portion of either child, and that no other money had ever been advanced or lent to David Holt by the testator, except this, it might perhaps well be held in such case, that the intent of the testator to have the money advanced, considered as a part of the portion of Ann Holt, sufficiently appeared from the will. And that inasmuch as the instrument clearly showed an intent that *some* money advanced to David Holt, should be considered as a part of the portion of his wife, the court would hold this debt to have been intended, rather than that the provision should have no effect. Though to do this it would have to reject the language of the will describing the debts as appearing by "notes of hand" or "book accounts," as mere false description, according to the maxim *falsa demonstratio non nocet.* That such parol evidence would have been proper, and that under it such a construction might be given to the will, is shown by the case of *Selwood vs. Mildmay,* 3 Ves. Jr., 306 ; and other authorities cited in *Broom's Legal Maxims,* 490, in considering the maxim last mentioned.

But if any such facts existed, the burden of proof was on the respondents to establish them. For in the absence of any proof to the contrary, the court must presume that the testator properly described the debts and property to which he referred in his will. But so far from any such evidence appearing in the case, that which does appear tends rather to show an opposite state of facts, and that the testator used in his will language exactly expressing his intent. For though not conclusive in its character so far as it has any effect, it

Hopkins vs. Holt et al.

tends to show that the testator had a note and an account against David Holt, and that the latter had formerly had a land warrant belonging to the testator, which he located in his own name. The warrant might properly be included in the words "other property," spoken of in the will as having been "advanced." This evidence therefore by tending to show that the testator had made advances to David Holt, which were aptly described by the words of the will, instead of warranting, entirely precludes the idea that he intended to include this debt secured by bond and mortgage.

There is also some evidence, though not of a very positive character, going to show that the indebtedness here sued for constituted a principal part of the estate of the testator. The witness Goodell so speaks of it, in connection with " some real estate," the value of which, however, did not appear; but the respondent David Holt, in conversation with the other heirs, after the testator's decease, seemed to consider that a portion of their shares must come out of his indebtedness to the estate; and if this was so, it would show beyond all question that this debt was not included by the will among the advancements. Because it gives the property *equally* to the five children of the testator, or their representatives ; and speaks of the amount advanced as evidently less than the respective portions.

The counsel for the respondent commented on this evidence, and urged that it did not sustain the conclusions above indicated. This might be conceded, and it would not vary the case. The evidence so far as it had any effect certainly did tend to sustain those conclusions. But, admitting that it did not, it surely had no tendency to show any such facts as would warrant the court in holding that the debt here sought to be recovered was given by the will to the respondents as the portion of Ann Holt. And as the burden was on the respondents to show such a state of

facts, if any such existed, and they failed to show it, we think the appellant was entitled to the relief prayed.

The judgment is reversed, and the cause must be remanded for further proceedings, in accordance with this opinion.