### MURPHY v. BLACK ET AL.

1. **Will:** ADMISSION TO PROBATE. M. made a will bequeathing his property to his wife; upon the same day she, by will, devised all her property to her husband, while at the same time the two joined in the execution of an instrument for the disposition of the property after the decease of both. The wife died first; *Held,*

    1. That her separate will should be admitted to probate, and the executor named therein appointed.

    2. That the instrument executed as a joint will should be admitted as duly executed, without the appointment of executors.

    3. That it was not the duty of the court to determine the legal effect of this instrument. That could only be done when the interests of the legatees should be assigned.

*Appeal from Appanoose Circuit Court.*

MONDAY, OCTOBER 25.

On the 11th day of June, 1874, an instrument of writing, purporting to be the last will and testament of Jane Murphy, deceased, was filed in the office of the clerk of the Circuit Court of Appanoose county, and the clerk thereupon fixed a day for the proof of the execution of said will, and caused to be published due notice thereof.

At the proper time Paul Black, and James, John, Martha, and Mary Black, by their next friend, Paul Black, appeared, and filed objections to the admitting of the will to probate.

To these objections a demurrer was filed, which was not passed upon by the court. The proof submitted to the court established the following facts: James and Jane Murphy were husband and wife, without issue. Each owned a separate estate of both real and personal property.

On the 16th day of August, 1873, Jane Murphy executed a paper, purporting to be her last will and testament, bequeathing all her property, both real and personal, to her husband, James Murphy, in his own right and title absolutely. This will appoints Samuel Short executor.

On the same day James Murphy executed a paper, purporting to be his last will and testament, bequeathing to his wife, Jane Murphy, all his property, both real and personal, "to have and to hold the same in her own name absolutely, with the absolute right to said property, or the proceeds of the sale of the same. This will also appoints Samuel Short executor.

On the same day James and Jane Murphy executed a joint paper, purporting to be their last will and testament, for the disposition of their property, or the property of either of them, at the decease of both. This will bequeaths the personal property, after the payment of debts, to the four children of Paul Black. It bequeaths to Paul Black the rents and profits of all their real estate, until his youngest daughter attains the age of seventeen years, and directs that the real estate be then sold, and the proceeds divided equally among his four children. This will appoints Thomas Foster and Samuel Short executors. It was proved that these wills were all duly executed as nearly at the same moment of time as it was practicable to sign and witness them. James Murphy is still alive, Jane Murphy is dead. The court found that the instrument executed by Jane Murphy was executed as her last will and testament, and ordered that it be admitted to probate, and that Samuel Short be appointed the executor thereof.

The court admitted the paper executed jointly by James and Jane Murphy, as duly proved and executed without determining its legal effect, and refused to appoint any executor thereunder. The Blacks appeal, and assign as error:

1.   The admitting to probate as the last will and testament of Jane Murphy, deceased, the instrument in writing executed by her alone.

2.   The refusal to admit to probate, as a part of the last will and testament of James Murphy, deceased, the instrument of writing executed by James and Jane Murphy.

3.   The refusal to admit to probate the instrument purporting to be the last will of James and Jane Murphy.

4.   The failure to appoint an executor under the mutual or joint will.

*J. C. Coad* and *Vermilion & Haynes,* for appellant.

Several papers of a testamentary character may be admitted to probate, as constituting together the will of the testator. (1 Redf. on Wills, 172; 3 Id., 53-4; *Brenckly v. Still,* 2 Rob., 162; *Loughton v. Atkins,* 1 Pick., 535.) Two or more persons may execute a joint will. (1 Redf. on Wills, 182-3; *Lewis v. Schofield,* 26 Conn., 452; *Ex parte* Day, 1 Brad., 476; *Evans v. Smith,* 28 Geo., 98.) Mutual wills are rendered irrevocable by the death of the maker of one. (1 Redf. on Wills, 182.)

*Geo. D. Porter* and *Tannehill & Fee,* for appellee.

The paper purporting to be the joint will cannot be admitted to probate as the joint will of both parties, or as the separate will of either. (*Walker v. Walker,* 14 Ohio St., 157; 3 Wash. on Real Prop., 736.) It is of the nature of a will that it must be revocable. (4 Kent., 617; Broom's Legal Maxims, 372.) A married woman cannot make a valid will, except by virtue of an express statute. (*Marston v. Norton,* 13 Pick., 420; 5 N. H., 205.) A joint will, considered in its testamentary character, is void. (1 Blackstone, 420; 1 Jarman on Wills, 26; *Walker v. Walker, supra*; *Jackson v. Betts,* 9 Cowen, 208.)

DAY, J.—Appellants claim that the will of Jane Murphy, and the joint will of James and Jane Murphy, must be construed together, and that the effect of them is to give a life estate to James Murphy, with remainder in fee to the children of Paul Black. The effect of these wills can be determined only by construction. It was no part of the duty of the probate court to place a construction upon them when they were offered for probate. The court determined that the joint instrument should be admitted as duly executed. That is, that the persons executing it were of sound mind, not under any undue influence, and the instrument was properly attested as a will. Whether it should be considered in connection with the separate will of Jane Murphy, qualifying and limiting it, and cutting down to an estate for life only one which, by the

terms of the will, was an absolute estate, or should be treated as an instrument unknown to, unrecognized and unauthorized by the law, the court did not undertake to determine. And in so ruling the court acted rightly. These questions can be properly determined only when the interests of the respective legatees come to be settled. There was no error in recognizing the executor named in the separate will of Jane Murphy. The joint instrument declares that it is executed "for the disposition of our property, or either of us at both of our deceases." Without undertaking to place any construction on this anomalous bequest, the propriety of recognizing the executor named in the will of the party who is dead, rather than the one named in the will of two parties, one of whom is living, is too obvious to require discussion. The record discloses no error.

AFFIRMED.