## GREVE ET AL. v. CAMERY & SON.

1. **Will**: CONSTRUCTION: LIFE ESTATE: ENFORCEMENT OF JUDGMENT AGAINST REMAINDER-MAN. A testator in his will used this language: "I give and bequeath unto my beloved wife all my estate, both personal and real, during her natural life, and that after her death all the property aforesaid to her bequeathed, or so much thereof as may remain unexpended, to be equally divided among my legal heirs, or their legal representatives." He afterwards, by codicil, provided that his wife's mother should be supported "out of the property willed unto my beloved wife." *Held* that the widow took only a life estate in the realty, and that a sale and conveyance of the realty by her to the plaintiff did not operate to convey the remainder bequeathed to the heirs, and that plaintiff could not enjoin the sale of such remainder in satisfaction of a judgment against the heirs.

### Appeal from Tama Circuit Court.

### FRIDAY, JUNE 18.

ACTION in equity to restrain the defendants from selling a certain quarter section of land on execution. The facts disclosed by the petition are that Peter Overmier died in January, 1861, seized of the property in question, and leaving surviving him the plaintiff Eleanor Overmier, his widow, and three sons. He executed a will prior to his death, which contains the following bequest: "I give and bequeath unto my beloved wife, Eleanor, all my estate, both personal and real, during her natural life, and that after her death all the property aforesaid to her bequeathed, or so much thereof as may remain unexpended, to be equally divided among my legal heirs, or their legal representatives." He subsequently executed a codicil, by which he provided that his wife's mother should be supported out of the property devised to his wife. The will was duly admitted to probate. Subsequently the widow executed a conveyance of the property to the plaintiff Henry Greve, but before the conveyance was executed defendants obtained a judgment in

the circuit court against two of the sons of the testator, and they were about to sell the premises on execution for the satisfaction of this judgment when this suit was instituted. The petition was presented to the circuit judge in vacation, and he made an order for the issuance of a temporary writ of injunction restraining defendants from selling any portion of the premises on said execution. At the next term of the court defendants filed a demurrer to the petition, but the same was overruled. They then filed a motion for a modification of the injunction. This motion was sustained and the injunction was so modified as to restrain only the sale of an undivided one-third of the land, and the life-estate of said Eleanor Overmier in the remaining two-thirds. From this order plaintiffs appeal.

*Struble & Kinne* for appellants.

*Stivers & Louthan*, for appellees.

REED, J.—The circuit court held that the will conferred upon the widow an estate for life only, and that she was not empowered by it to alienate the real estate. There can be no doubt, we think, of the correctness of the holding as to the estate created by the devise. The language of the bequest is: " I give, devise and bequeath unto my * * * wife, Eleanor, all my estate, both personal and real, during her natural life." Words could hardly have been chosen which would have expressed with more clearness and certainty than this language does the intention to limit the estate conferred to the life of the devisee; and the same purpose is indicated by the language following this bequest, which is a devise over, to the heirs at law, of the remainder. The codicil contains the following language: " Whereas, I, Peter Overmier, * * * have made my last will in writing, * * * and have thereby willed my beloved wife, Eleanor, all my property,

both personal and real, now I do by this, my writing, which I hereby declare to be a codicil to my said will, to be taken as a part thereof, will that Mary Hintz (my wife's mother) shall be supported out of the property willed unto my beloved wife, Eleanor, during her natural life." And it is argued that this language indicates an intention by the testator to confer an absolute estate on the widow. It is true that the bequest to the widow is spoken of in the codicil as an absolute devise of all the property to her. The purpose of the testator, however, in executing the codicil, was to make a provision for the support of Mary Hintz during her natural life, and the reference to the devise to the widow was for the purpose of indicating the estate which he intended to charge with that support. The effect of the codicil was to charge the estate devised to the widow with the support of Mary Hintz during her natural life; and if she had survived the widow, the heirs at law would probably have taken the remainder charged with that duty. But the estate was not enlarged or otherwise affected by the codicil, and its nature and extent must be determined solely from the language of the bequest by which it was created.

There is no provision of the will which expressly empowers the widow to alienate the real estate. The devise over to the heirs at law, however, is of "all the property aforesaid to her (the widow) bequeathed, or so much thereof as may remain unexpended." It is contended that it was the intention of the testator that his wife, as well as her mother, should have a support, during her life-time, out of the estate; and that this was the right intended to be conferred upon her, and that, as a consequence, she had the right to make any disposition of the property which might be necessary to give effect to that intention. It is argued that the words in the devise over to the heirs, " or so much thereof as may remain unexpended," clearly indicate that the testator had it in mind, when he executed the will, that the expenditure of the property would or might be necessary for the use to

which it was to be devoted before the right of the residuary legatees should accrue under the will, and that the right by the widow to dispose of it fully and absolutely should therefore be implied. The uniform holding of the courts is that effect will be given, in the construction of a will, to the intention of the testator, as that intention is gathered from the provisions of the instrument, if that can be done under the settled rules of law; and, if the will before us was a devise of personal property alone, there would perhaps be but little difficulty in determining what were the intentions of the testator with reference to it. By the devise the widow acquired the right to the use and enjoyment of the personal property belonging to the estate during her life. The nature of the property, and the right conferred upon her with reference to it, negatives the idea that it was to be preserved *in specie* for the heirs at law at her death.

The testator, we infer, was a farmer, and a portion of the the personal estate probably was the stock upon his farm. The right of the widow to sell this stock when it should be fit for the market, and to use the proceeds for her own support and the support of her mother, would be implied necessarily from the terms of the will, and the right to the use and enjoyment of the personal estate which is conferred upon her by the devise perhaps would necessarily carry with it the right to make absolute disposition of it. An intention by the testator to confer the right to make such disposition of it is implied necessarily from the terms of the bequest. But we think no such intention with reference to the real estate can be implied or presumed from the terms of the will. The bequest conferred upon the widow the right to the use of the real estate, and to the rents and profits thereof, during her life. It conferred upon her an estate therein which was of value, and was capable of being alienated by proper conveyance. The testator conferred upon her all the rights and powers pertaining to an estate for life. But it is not to be presumed, we think, that he intended any thing

more than this.  The right to alienate the real estate is not essential to the enjoyment of the right conferred, and we cannot presume that the testator intended to confer such right.

AFFIRMED.