ELIAS W. THOMAS AND JENNIE E. THOMAS, BY GUARDIAN, APPELLANTS, *v.* JANE E. SNYDER AND ESTHER R. CORT RESPONDENTS.

*Will — construction of a power to dispose of property by will — when it will be deemed executed by the use of general language in the will of the devisee of the power*

On May 10, 1880, Elias Thomas died, leaving him surviving his widow, Electa, two daughters, the defendants, and the plaintiffs, the children of a deceased son. By his will he gave and bequeathed to his wife, Electa, " the use of the farm on which I now reside, together with the one now occupied by William Fairchild, and all the personal property on the said farms, and the income of my bank stock, during her natural life, and the right to dispose *of the same* by will, except the bank stock, and if the income from the above-mentioned property shall be insufficient for her maintenance the deficiency shall be made made up from the income of the farm now occupied by James Hodge." By other clauses of his will the testator disposed of all his real estate, except the two above-mentioned farms, and of all the rest, residue and remainder of his personal estate. The widow died in 1884, leaving a will by which she devised all her real estate and all her personal estate of whatsoever name or value to her daughters. At the time of her death she owned no other real estate than the farms above mentioned.

*Held,* that the word " same," as used in the will of Elias Thomas, included the farms as well as the personal property.

That by the devise in the will of their mother the daughters acquired a valid title to such farms.

That the general language of the will of the widow was adequate, as an execution of the power of disposition conferred upon her by her husband's will.

APPEAL from a judgment entered in Oswego county upon a decision made at Special Term dismissing the plaintiffs' complaint in this action brought for a partition of two farms.

On May 10, 1880, Elias Thomas died in the town of Volney, Oswego county, leaving a will made on March 5, 1875. The plaintiffs are the children of a deceased son of the testator who died before the testator. The defendants are the testator's daughters. July 3, 1884, the testator's widow, Electa T. Thomas, died. The testator's will contains the following bequest : " First, I give and bequeath to my wife, Electa T. Thomas, the use of the farm on which I now reside, together with the one now occupied by William Fairchild, and all the personal property on the said farms, and the income of my bank stock during her natural life, and the

right to dispose of *the same* by will except the bank stock, and if the income from the above-mentioned property shall be insufficient for her maintenance the deficiency shall be made up from the income of the farm now occupied by James Hodge, and known as the Keeter farm." Before her death the widow made her will, .wherein she devised all her real estate and all her personal estate of whatsoever name or value, to be divided equally between her two daughters, share and share alike. At the time of her death she owned no other real estate.

This is an action of partition. The plaintiffs claim title to one-third of the lands and defendants claim title to the whole thereof. The trial judge decided that the plaintiffs have no title in the lands and dismissed their complaint, with costs, upon the merits.

*Avery & Merry*, for the appellants.

*Rhodes, Coon & Higgins*, for the respondents.

HARDIN, P. J.:

From the general tenor and scope of the testator's will it is inferable that he did not intend to die intestate as to any portion of his estate. After enumerations of it in detail as to real estate, and partially so as to the personal estate, he adds a clause, lastly, to the effect that "all the rest, residue and remainder of my personal estate, goods and chattels of what nature or kind soever to my said wife, Electa T. Thomas."

A construction which does not leave the testator intestate as to any portion of his estate is preferable and more reasonable of the will in question, than a construction which would leave him dying intestate as to two of the several farms of which he was the owner at the time of making and publishing his will, as well as at the time of his death. "The law prefers a construction of a will which will prevent partial intestacy to one which will permit it. (*Vernon* v. *Vernon*, 53 N. Y., 361.)

While it was within the power of the testator owning thirteen farms to so dispose of eleven as to satisfy his intention, and to leave the other two undisposed of, except as to the use thereof during the life of his widow, it does not seem reasonable to impute such an intention to a testator upon doubtful and equivocal language. The

testator limited the gift and devise to his wife " during her natural life." The use and devise are clearly unlike that considered in *Campbell* v. *Beaumont* (91 N. Y., 464), which were absolute, and the widow took the whole estate with power of disposition. Following the limitation to and " during the widow's natural life," which confessedly applies to the real and personal property given to her, and the words " and the right to dispose of the same by will, except the bank stock," apparently the intent in the use of the latter words was to make them coextensive with the prior words used to give her the use of the property of both classes " during her natural life." Besides the exception of the bank stock and of the before-named personal property, it is suggestive of an intent to include, in " the right to dispose," the two classes of property entirely, save that portion thereof known as the bank stock. The original will, handed up upon the argument, gives the language continuously without any use of punctuation or capitals, to indicate an intent to separate the personal from the real in the application of the words " and the right to dispose of the same by will." (*Areson* v. *Areson*, 3 Den., 458 ; *Van Allen* v. *Mooers*, 5 Barb., 110.) It was competent for the widow to dispose of the property by will, and, having done so, the property passed under her will to the defendants. (*Cutting* v. *Cutting*, 86 N. Y., 540 ; *Hutton* v. *Benkard*, 92 N. Y., 295.) It is found that the widow executed a will which, with a codicil, was probated, and that it gave the property in question to the defendants. The general language of the will was adequate as an execution of the power conferred upon her to dispose of the property in question by will. (*Mott* v. *Ackerman*, 92 N. Y., 539 ; *Hutton* v. *Benkard*, *supra*.) It follows that the plaintiffs had no title, interest or estate in the lands in question, and that their attempt to partition the same was properly defeated at the trial.

The judgment should be affirmed, with costs.

BOARDMAN and FOLLETT, J. J., concurred.

Judgment affirmed, with costs.