## In re WILL OF MURFIELD.

Wills : PROBATE : ONLY ONE WITNESS : TWO WITNESSES TO CODICIL. The will offered for probate in this case was attested in due form by two witnesses, but one of them was incompetent. A codicil was afterwards added on the same sheet of paper, which referred to the will, and stated that it was to be taken as a part thereof ; and the codicil was duly attested by two competent witnesses. *Held* that the due execution and proof of the codicil met all the requirements of the statute as to the original will, and that both must be considered as one instrument.

*Appeal from Jones District Court.*—HON. JAMES D. GIFFEN, Judge.

FILED, MAY 17, 1888.

THE will of J. S. Murfield, deceased, was duly offered for probate by the executor of his estate and

others. Hattie A. Miller, a daughter of decedent, contested the probate of the will, and filed objections thereto. These were overruled, and the will admitted to probate. Hattie A. Miller appeals.

*Jamison & Mellett*, for appellant.

*Sheean & McCarn*, for appellees.

ROBINSON, J.—The instrument in controversy consists of two parts. The first is in form a will, signed on the twenty-second day of April, 1886, by the testator, and attested by E. V. Miller and John B. Murfield. The second is a codicil, written on the same sheet of paper as the first, signed by the testator on the thirtieth day of September, 1886, and duly attested. It is conceded that John B. Murfield, who was a subscribing witness to the first part, is named therein as a beneficiary, and that he was not offered as a witness to prove its execution. The entire instrument was admitted to probate on the testimony of E. V. Miller and the two witnesses to the codicil; Miller alone testifying as to the execution of the first part. No objection is made as to the execution and proof of the codicil, but it is insisted by appellant that the first part, which we may term the original will for convenience, was not attested and proven by two disinterested witnesses as required by law, and hence that it should not have been admitted to probate.

The real question for us to determine is whether the execution of the codicil gave force and effect to the original will. We think it did. The first or introductory part of the codicil is as follows: "Whereas, I, J. S. Murfield, did, on the twenty-second day of April, eighteen hundred and eighty-six, my last will and testament, I do now, by this writing, add this codicil to my said last will, to be taken as a part thereof." A word indicating the execution of the will is evidently omitted after the date, but there can be no mistaking the intent of the language used. The codicil is added to the instrument, which appears on the same sheet of paper. It is identified by the fact that it so appears by its date,

and by references in the body of the codicil to its provisions. A codicil is part of the original will to which it refers, and the two together constitute but a single instrument. In this case there can be no doubt that the testator designed the original will and the codicil to be construed together in ascertaining the testamentary intent. This being true, we think the due execution and proof of the codicil met all the requirements of the statute as to the original will, and that both must be considered as one instrument. Our conclusion is fully sustained by the case of *Newton v. Seamen's Friend Society*, 130 Mass. 91. In that case a codicil contained the following language : "I revoke that part of my will which gives directions for the payment of my legacies, and order and direct my executors, or the survivor of them, to pay the several legacies mentioned in my will and codicil as near as possibly convenient according to the directions written in a book by Melvin W. Pierce, signed by me and witnessed by said Pierce." The book was in existence at the time of the making of the codicil, and contained several pages of instructions as to the paying of legacies. It was held that the language quoted made the book a part of the will. "There is no doubt that a valid bequest or devise may be made by reference to objects and documents not incorporated in or annexed to the will." *Loring v. Sumner*, 23 Pick. 102. "A testator may refer expressly to a paper already executed, and describe it with such particularity as to incorporate it virtually into the will, or he may refer to deeds or other instruments or monuments, as existing facts to which reference may be had in construing his will." *Thayer v. Wellington*, 9 Allen, 292. See, also, *Hopkins v. Holt*, 9 Wis. 230; *Murphy v. Black*, 41 Iowa, 488; *Greve v. Camery*, 69 Iowa, 223; *Jackson v. Babcock*, 12 Johns. 394; *Chambers v. McDaniel*, 6 Ired. 229; *Harvy v. Chouteau*, 14 Mo. 592. We discover no error in the ruling of the district court. The case is therefore

AFFIRMED.