FRANK PLACE and Others, Appellants, *v.* MILES E. BURLINGAME and Another, Respondents.

*Construction of a will — a testator is presumed to know the law — when a life estate and not a fee is devised.*

A testator is presumed to know that, at common law, a conveyance from a husband to a wife direct was not valid.

A will contained a clause giving and bequeathing to the testator's wife certain real estate, "together with all my household furniture, or rather the use thereof during the period that she may live and remain my widow; her furniture, bedding, etc., that she had of her own when I married her is to be at her disposal. I also give to her my cow free and clear."

*Held,* that the words "or rather the use thereof during the period that she may live and remain my widow," related to and controlled all the antecedent language used in connection with the devise and limited the widow to the use of the property during the period of her life subject to an earlier determination in case she ceased to remain the testator's widow;

That construing the words as relating to the real estate as well as to the household furniture, they were apt and appropriate to cut down to a life estate during widowhood what otherwise would be a devise to the testator's widow in fee;

That the words "I also give to her my cow free and clear," did not aid the contention that the testator's widow took the fee of such realty.

A subsequent clause of the will gave "all the rest, residue and remainder" of the estate to certain persons named.

*Held*, that this clause favored the construction which gave the widow only a life estate.

APPEAL by the plaintiffs, Frank Place and others, from a judgment of the Supreme Court in favor of the defendants, entered in the office of the clerk of the county of Cortland on the 12th day of December, 1892, upon the verdict of a jury, rendered by direction of the court, after a trial at the Cortland County Circuit.

The action was brought to recover possession of certain lands in the town of Willett. On the 8th of October, 1860, Henry T. Jones executed his last will and testament, which was admitted to probate, and contained the following clause: "I give and bequeath to my wife, Johanna Jones, my real estate in the town of Willett, and appurtenances thereunto belonging, together with all my household furniture, or rather the use thereof during the period that she may live and remain my widow; her furniture, bedding, etc., that she had of her own when I married her is to be at her disposal. I also give to her my cow free and clear. Also, further, I give to her one hundred dollars, said hundred dollars to be paid to her by my executors, hereinafter named, within two years after my decease, and the other property above named she is to have at my decease." The will also contained specific legacies of $400; and, also, "*Fourthly*. I give and bequeath one-half of all the rest, residue and remainder of my estate, both real and personal, of every name and nature, to be divided among the children of my son, Benjamin Jones, equal, and the other half I give and bequeath, and to be divided equal among the children of my daughter, Julia Ann Place." The testator's second marriage, to Johanna Huling, took place on the 5th day of October, 1856, she then being a widow having children, the issue of her former marriage. On the 7th day of November, 1856, thirty-three days after the marriage, the testator executed and acknowledged a conveyance to his then wife, Johanna, wherein and whereby he quit-claimed unto her the premises described in the complaint, which conveyance contained the following language: "To have and to hold the said released premises with the appurtenances thereunto belonging unto

the said J. Hannah E. Jones, for and during her natural lifetime, or for and as long as she shall remain the widow of the said Henry T. Jones in case of his death. And, also, the said Henry T. Jones sells, assigns and hereby sets over to the said J. Hannah E. Jones, all the household furniture to be at her disposal and use, so long as she shall remain the wife or widow of the said Henry T. Jones, and no longer." That instrument was acknowledged, recited a consideration of $1,500, and was recorded on the 17th day of November, 1857. The testator died on the 30th day of November, 1860, and his widow, Johanna Jones, died on the 22d of October, 1888, intestate. The plaintiffs are grandchildren of the testator, being all the children of his daughter, Julia Ann Place, and his son, Benjamin Jones, and the only persons who would take as residuary legatees under the will of the testator. The defendant Amy Burlingame was a daughter of Johanna, and the defendant Miles E. Burlingame was the husband of the daughter. At the close of the evidence the plaintiff asked " to go the jury upon the question as to what was the intention and purpose of the testator in the devise in question upon all the facts and circumstances of the case." Thereupon the court remarked : " I will deny the motion to go to the jury," and to that ruling the plaintiff took an exception. Thereupon the court observed : " I hold under that will the widow took the fee of the Willett property, and that results in a nonsuit against the plaintiffs. Nonsuit granted." To that ruling the plaintiff excepted. Thereupon the plaintiff's counsel took an exception to the ruling of the court " That it was the intention of the testator to make an absolute gift to the wife ; " in response thereto the court observed : " I hold that he did do it ; " thereupon the plaintiff took an exception. The defendants' motion for a nonsuit was granted, and pursuant to the direction of the court the jury rendered a verdict for the defendants.

*B. T. Wright*, for the appellants.

*Kellogg & Van Hoesen* and *Eugene Burlingame*, for the respondents.

HARDIN, P. J.:

Interpretation of the testator's will and a declaration of his intent, as evidenced by the language of the will, must be had in

order to solve the question presented by the appeal. Respondents' learned counsel calls our attention to a provision of the Revised Statutes which is as follows : " Every grant or devise of real estate or any interest therein hereafter to be executed shall pass all the estate or interest of the grantor or testator, unless the intent to pass a less estate or interest shall appear by express terms, or be necessarily implied" (R. S. [8th ed.] p. 2461, § 1); and under that statute and the language of the will, contends that the testator devised in fee to the widow the house and lot in question, and calls our attention to cases which have interpreted the statute, and in which it has been declared that all the interest of the testator passed under language used unless it appear by express terms, or it was necessarily implied that a less estate was intended to pass. Among the cases referred to are *Roseboom* v. *Roseboom* (81 N. Y. 356); *Campbell* v. *Beaumont* (91 id. 464); *Crain* v. *Wright* (114 id. 307); *Schult* v. *Moll* (132 id. 122). The phraseology found in the cases referred to differs from the phraseology found in the will before us. We think the testator intended to devise only a life estate to his wife when he used the words : " I give and bequeath to my wife, Johanna Jones, my real estate in the town of Willett and appurtenances thereunto belonging, together with all my household furniture, or rather the use thereof during the period that she may live and remain my widow; her furniture, bedding, etc., that she had of her own when I married her is to be at her disposal." We think the words " or rather the use thereof during the period that she may live and remain my widow," relate to and control all the antecedent language used in connection with the devise to the wife, and limited her to the use of the property during the period of her life, subject to an earlier determination if she had ceased to be his widow. Construing the words as relating to the real estate, as well as to the household furniture, they were apt and appropriate to cut down what otherwise might be a devise to her in fee of the real estate. We think the words " I also give to her my cow free and clear " do not aid the contention of the respondent; on the contrary, the words indicate that the testator, by the use thereof, understood what language to use when making an absolute bequest. The contention of the appellant is somewhat aided by the clause found in the fourth provision of the will

wherein the testator gives one-half of all "the rest, residue and remainder of my estate, both real and personal, of every name and nature," to his grandchildren.   We are, therefore, of the opinion that, upon the close of the life of the widow, her interest in the real estate ceased, and the same passed, under the residuary clause, to the grandchildren, who are the plaintiffs in this action. (*Areson* v. *Areson*, 3 Den. 458 ; *Van Allen* v. *Mooers*, 5 Barb. 110 ; *Thomas* v. *Snyder*, 43 Hun, 14 ; *Cruin* v. *Wright*, 114 N. Y. 307 ; *Matter of McClure*, 136 id. 238 ; *Tallman* v. *Tallman*, 23 N. Y. Supp. 734 ; *Dew* v. *Keuhn*, 64 Wis. 293.)

We have not overlooked the argument of the respondent based upon the circumstance that in October, 1856, the testator conveyed a limited interest in the premises in question to his wife.   The language then used is quite indicative of an intent on his part to vest her with only the use of the premises during her widowhood or life, and in answer to the argument which is made, that it was his intention, by the use of the language found in his will, to give her a greater interest in the real estate, it may be observed that he was presumed to know the law, that at that period of time a conveyance from husband to wife direct was not valid at law. (*Johnson* v. *Rogers*, 35 Hun, 267 ; *Graham* v. *Van Wyck*, 14 Barb. 531 ; *Winans et al.* v. *Peebles et al.*, 32 N. Y. 423.) It is not unreasonable to suppose that he used the language in the will relating to the real estate to confirm to her a life use of the real estate.

We think that the construction of the will which obtained at the Circuit ought not to remain, and the judgment should be reversed on the exceptions, and a new trial ordered, with costs to abide the event.

Martin and Merwin, JJ., concurred.

Judgment reversed on the exceptions, and a new trial ordered, with costs to abide the event.