## HARRIET PAINE *vs.* FRANKLIN O. BARNES.

A testator gave to his wife all his real and personal estate " for her support and benefit during her natural life," and after his wife's death, " if anything of said estate should remain," he gave it over to third persons. The widow, having agreed with B. to mortgage to him a parcel of land, part of said estate, for $1500, brought a bill for the specific performance of such agreement, alleging that the income of said estate was wholly insufficient for her support, and that she made the agreement being desirous to borrow $1500. *Held*, that, even if the widow had power, under the will, to mortgage the land, she could not, at any rate, do so unless the whole of the amount for which it was mortgaged was needed for her benefit and support; and that, for want of such allegation, the bill was bad on demurrer.

BILL IN EQUITY to enforce the specific performance of a written agreement, by which the plaintiff agreed to mortgage a parcel of land to the defendant, by a good and sufficient deed conditioned to secure the payment of $1500 in three years, and the defendant agreed, on delivery of such deed, to pay the plaintiff $1500.

The plaintiff alleged in her bill that she was the widow of Thomas N. Paine, who died seised of the land in question, and by his will gave all his " real and personal estate " to his wife, " for her support and benefit during her natural life ; " and after the decease of his said wife, " if anything of said estate should remain," he gave certain legacies, and " after the said legacies shall have been fully paid, and anything shall be left," he gave the remainder to his children. The plaintiff further alleged that the income of the real and personal estate was about $400 ; that " said sum of $400 being wholly insufficient for her support, and she being desirous to borrow the sum of $1500 for her benefit and support, and to secure the payment of said $1500 by giving a mortgage on the parcel of land above mentioned, and the defendant, Franklin O. Barnes, being desirous to loan the plaintiff said sum upon said security, the plaintiff and said Barnes entered into " the above mentioned agreement that the plaintiff was always ready to perform her part of the agreement, but that Barnes refused to perform his part, alleging that the plaintiff could not make a good title to the land. The defendant demurred.

*R. Stone, Jr.,* for the defendant.

*R. M. Morse, Jr.,* for the plaintiff.

HOAR, J. The title of the plaintiff to the land which she proposes to mortgage in fee is derived from her husband's will, which devises to her all his real and personal estate "for her support and benefit during her natural life." The subsequent clauses of the will dispose of the remainder after the decease of the wife, "if anything of said estate should remain."

The court are of opinion that the language of the devise to the wife can only be construed as giving her an estate for life, with a contingent power of disposition of the remainder only in case of its being needed for her support. The fact that there is a remainder devised over, after the estate for life to her, shows that it could not be intended to give her a fee; and that the purpose for which the estate is given can only at the most imply a power of disposal if the exigency should arise. Perhaps, upon the authorities, the use of the phrase "if anything should remain," in connection with the devise of a remainder of real estate after an estate for life, would imply a power to convey; as otherwise there could be no reason for the doubt whether the estate would remain. See the cases cited in *Hale . v. Marsh, ante,* 468; *Blanchard* v. *Blanchard,* 1 Allen, 223; *Andrews* v. *Bank of Cape Ann,* 3 Allen, 313; *Lynde* v. *Estabrook,* 7 Allen, 68.

It is an important question, well deserving consideration, whether a power to sell for the purpose of support only, and which would be limited to the extent of the necessity for such support, would include a power to make a mortgage in fee; because the whole estate might be taken on a foreclosure of the mortgage, when only a part of its value was needed for the support, or raised upon the mortgage, and thus the rights of the remaindermen be impaired. This would be better determined in a suit to which those interested in remainder under the will should be made parties.

But, without deciding that question, it appears to us that the demurrer must be sustained, because it is not alleged in the bill that the whole sum of $1500, for which the widow proposed and contracted to mortgage the land, was needed for her support.

The averment is only that she was desirous of borrowing the sum of $1500 for her benefit and support, the income of the estate being insufficient; and not that the whole of that sum was required. The plaintiff therefore states no case under which she could give the title which she bargained to convey by the mortgage. *Demurrer sustained, with costs.*