MEHITABLE G. CRAIN, Respondent, *v.* JOHN WRIGHT, Appellant.

The will of W. gave fifty acres of land to his widow " to have and to hold for her benefit and support." In an action of ejectment, brought by a grantee of the widow, *held*, that no intent to pass a less estate than a fee could " be necessarily implied in the terms " of the devise; and that the widow took a fee under the provision of the Revised Statutes (1 R. S. 748, § 1), providing that the term " heirs," or other words of inheritance, shall not be requisite to convey a fee, and that a devise will pass all the estate of the testator " unless the intent to pass a less estate or interest shall appear by express terms or be necessarily implied."

*Terry* v. *Wiggins* (47 N. Y. 512); *Henderson* v. *Blackburn* (104 Ill. 22); *Payne* v. *Barnes* (100 Mass. 470) distinguished.

It appeared that plaintiff's deed was delivered to her husband in trust for her benefit by the grantor, with a request that it should be kept secret until her death. Plaintiff was in the house when the deed was prepared and executed and was present at a conversation shortly before when the grantor announced her intention to convey the property to plaintiff. *Held*, the circumstances authorized the presumption that the deed was delivered with the intent that it should take effect as a present conveyance and that it was accepted by plaintiff, and this having been found by the jury that it became operative as a conveyance.

*Mem.* of decision below, 36 Hun, 74.

(Argued April 26, 1889; decided May 3, 1889.)

APPEAL from judgment of the General Term of the Supreme Court in the fifth judicial department, entered upon an order made April 23, 1885, which affirmed a judgment in favor of plaintiff, entered upon a verdict, and affirmed an order denying a motion for a new trial.

This was an action of ejectment to recover the possession of thirty acres of land in the town of Hartland, county of Niagara. The defense was a general denial.

The parties are the children of one John Wright, who died April 2, 1861, leaving a last will and testament, the material portion of which is as follows, viz. :

" *First.* It is my will that the whole of my estate, landed and personal, remain after my decease in the hands of legal executors one year, to be used by them in paying my just

debts and for the support of the family during said term of time at their discretion.

"*Second.* Unto my dear wife Anna, I give and bequeath fifty acres of land, off the north end of my farm, to have and to hold for her benefit and support. And I also give to my aforesaid wife Anna all my household furniture, beds and bedding.

"*Third.* Unto my son John Wright, Jr., I give and bequeath all the remainder of my property after paying the following legacies," naming them.

The plaintiff claims that on the 7th of June, 1873, said Anna Wright conveyed to her the premises in question, which are a part of the fifty acres mentioned in the will. The defendant claims the same premises under the residuary clause of said will, as well as by the will of said Anna Wright, dated April 9, 1872, and admitted to probate May 9, 1874.

*George C. Greene* for appellant. Anna Wright took only a life estate in the land under the will of her husband John Wright, deceased, and the defendant John Wright, by virtue of the will, took the remainder and was seized in fee thereof. (*Terry* v. *Wiggins*, 47 N. Y. 512, 514, 516; *Henderson* v. *Blackburn*, 104 Ill. 227; *Payne* v. *Barnes*, 100 Mass. 470; *Smith* v. *Van Ostrand*, 64 N. Y. 278, 284; *Spencer* v. *Strait*, 38 Hun, 228.) The plaintiff acquired no title to the lands in question, by virtue of the deed from Anna Wright. (*Comm.* v. *Jackson*, 10 Bush. 424; *Tuttle* v. *Turner*, 28 Texas, 773; *Hathaway* v. *Payne*, 34 N. Y. 92–106; 2 Mass. 447; *Stillwell* v. *Hubbard*, 20 Wend. 44, 46; *In re Dieze*, 50 N. Y. 88, 93; *Taft* v. *Taft*, 26 N. W. Rep. 426; 33 Alb. L. Jour. 264; *Wellborn* v. *Weaver*, 17 Ga. 257; *Naldred* v. *Gilham*, 1 P. Wms. 577; *Uniacke* v. *Giles*, 2 Moll. 257; *Cecil* v. *Butcher*, 2 Jac. & W. 565; *Gilmore* v. *Whitesides*, Dud. Eq. [S. C.] 14; *Cook* v. *Brown*, 34 N. H. 460; *Stinson* v. *Anderson*, 96 Ill. 373; *Prutsman* v. *Baker*, 30 Wis. 644; *Baker* v. *Haskell*, 47 N. H. 479; *Brown* v. *Brown*, 66 Me. 316; N. E. Rep. 260, note 3; *People* v. *Bostwick*, 32 N. Y. 445, 448.)

*Richard Crowley* for respondent. The term "heirs" or other words of inheritance are not necessary to create or convey a fee since the adoption of the present Revised Statutes. (2 R. S. tit. 5, chap. 1, § 1; *Taggart* v. *Murray*, 53 N. Y. 233; *Campbell* v. *Beaumont*, 91 id. 464.) The will created a particular estate in Anna Wright in fee simple, and no subsequent clause, by implication or expressly, created a different estate. (*Westcott* v. *Cady*, 5 Johns. Ch. 348; *Popham* v. *Banfield*, 1 Salk. 236.) No remainder being limited upon it, it became a fee simple absolute. (*In re Kirk* v. *Richardson*, 32 Hun, 434.) The delivery of the deed to her husband was in trust for her benefit and vested the title in her, subject to be divested by her dissent. The trust was beneficial and vested title in her unless she expressly disaffirmed it. Being for her benefit, her assent is to be presumed. (*Atkins* v. *Barwick*, 1 Strange, 165; *Berly* v. *Taylor*, 5 Hill, 581; *Sturtevant* v. *Arser*, 24 N. Y. 538; *Hutchings* v. *Miner*, 46 id. 456, 460; *Hathaway* v. *Payne*, 34 id. 92, 105, 112, 113; *Brooks* v. *Marbury*, 7 Wheat. 555; *Foster* v. *Mansfield*, 3 Metc. 414; *Belden* v. *Carter*, 4 Day, 66; *Wheelright* v. *Wheelright*, 2 Mass. 447; *Fisher* v. *Hall*, 41 N. Y. 416; *Tooley* v. *Dibble*, 2 Hill, 641.)

VANN, J. The title of the plaintiff depends upon a conveyance to her from her mother Anna Wright. The title of Anna Wright depended upon the will of her deceased husband, John Wright, by which he devised the lands in question to her "to have and to hold for her benefit and support." The appellant contends that by the addition of these words the devise was cut down to a life estate, and the case of *Terry* v. *Wiggins* (47 N. Y. 512) is cited in support of this position. In that case, however, the testator devised a piece of land to his wife "for her sole and absolute use and disposal," and also gave her all his other real and personal estate "for her own personal and independent use and maintenance, with full power to sell or otherwise dispose of the same, in part or in the whole, if she should require it or deem it expedient so to do."

After her decease he gave to a religious society "whatever residue there may be of personal or real estate and effects." It was held that by the second devise the devisee took a life estate only, with a conditional power of disposal annexed, because the only necessity for two distinct devises was either to give different estates or to annex some condition to one devise which it was not intended should apply to the other. It is evident this must have been the design of the testator in that case, as otherwise there could have been nothing left for the residuary clause to operate upon. As the reasons governing that decision have no application to this case, we do not consider the authority analogous.

The Revised Statutes provide that the term " heirs, " or other words of inheritance, shall not be requisite to create or convey an estate in fee, and that every grant or devise of real estate shall pass all the estate or interest of the grantor or testator, "unless the intent to pass a less estate or interest shall appear by express terms, or be necessarily implied in the terms of such grant." As such intent does not appear by express terms in the will of John Wright, unless it is necessarily to be implied therefrom, the construction should be against the appellant's contention. The statute requires that the intent must " necessarily " be implied, and hence, that it must be the only reasonable interpretation that is possible. We think that the words " for her benefit and support " indicate the reason for making the gift, rather than the intention of the testator to annex a condition or limitation to the gift. He gave her the land in order to provide her with the means of support, not simply by the use of the land itself, but by the use of the land or of its proceeds, when sold. Moreover, the premises were devised to her not only for her support, but for her benefit. The use of the word "benefit," in connection with a gift of property, is significant. It is consistent with a devise in fee, but inconsistent with the devise of a life estate. A gift to a person for his benefit means an absolute gift, and excludes the idea of a qualified or limited estate.

In *Campbell* v. *Beaumont* (91 N. Y. 464), the testator left

all his property to his wife "to be enjoyed by her, for her sole use and benefit," and added that "in case of her decease, the same or such portion as may remain thereof, it is my will and desire that the same shall be received and enjoyed by her son Charles,    *    *    *    requesting him, at the same time, that he will use well and not wastefully squander the little property I have gained by long years of toil." It was held that the devisee took an absolute title with power to dispose of the whole estate. The court referring to the provision as to Charles, who was the son of the widow by a former husband, said : "It seems insufficient to limit the wife's estate or interest, and rather to have been intended to express the natural anticipation of the testator that his property, or some of it, would, as matter of course, go from the mother to her child, and his acquiescence in such devolution, coupled with a hope that what he had painfully acquired should not be wasted." If an intent to limit the estate could not, under the statute, be implied in that case, it is impossible that such an intent is necessarily to be implied in this case. No other authority has been cited which, in principle, so nearly resembles the case under consideration.

In *Henderson* v. *Blackburn* (104 Ill. 227) and *Payne* v. *Barnes* (100 Mass. 470), cited by the learned counsel for the appellant, there was an express limitation of the gift by the use of the words "during her lifetime" in the former, and "during her natural life" in the latter. In the absence of such express terms, and when the effort to qualify the estate depends wholly upon necessary implication, a strong and clear case is required to satisfy the statute. These views lead to the conclusion that the grantor of the plaintiff took an estate in fee, and that she had the absolute power of disposition by deed or will as she saw fit.

The appellant further contends that the deed from Anna Wright to the plaintiff was never delivered so as to become operative as a conveyance. This was a question of fact, and the jury found, upon sufficient evidence, and under proper instruction from the court, that the deed was delivered with the intent that it should take effect as a present conveyance

of the land. The request of the grantor that it should be kept secret during her life from all who were not obliged to know of its existence, was simply to avoid the importunity of the other heirs, and gave her no right to demand a return of the deed or to exercise any control over it. It did not postpone the operation of the instrument until after her death, nor convert the deed into a will. The circumstances warrant the presumption that the conveyance was accepted by the plaintiff, as it was delivered to her husband in trust for her benefit while she was living with him. She was in the house when the deed was prepared and executed, and was present at a conversation, shortly before, when the grantor announced her intention to convey the property to her. In the absence of proof of express disaffirmance, acceptance will be presumed from these facts. This question, however, is not raised by any request to to go the jury, nor by any exception.

We have examined the questions relating to the admission of evidence, and think they were properly disposed of by the trial court.

The judgment should be affirmed, with costs.

All concur, except Bradley and Haight, JJ., not sitting.

Judgment affirmed.