### ELIZA A. SHEETS ET AL.

### v.

### GRANVILLE L. WETSEL, EXECUTOR ET AL.

*Wills—Construction of.*

1. The intention of a testator, if not inconsistent with the rules of law,
must govern in the construction of a given will.

2. It is the general rule that when the use of money is given to one for
life, with remainder over to another, the former has no right to the posses-
sion of the money so bequeathed, but it should be put at interest, the inter-
est paid to the tenant for life, and the principal retained for the remainder-
man.

3. In the case presented, this court construes several clauses of the will
involved, affirming in part and reversing in part the decree of the trial
court therein, with directions to amend the same.

[Opinion filed June 12, 1891.]

APPEAL from the Circuit Court of McDonough County; the Hon. C. J. SCOFIELD, Judge, presiding.

Messrs. NEECE & SON, for appellants.

Messrs. D. G. TUNNICLIFF, for appellees.

CONGER, P. J. .This is an *ex parte* proceeding in chancery to obtain a construction of certain clauses in the last will and testament of George W. Sheets, deceased. Eliza A. Sheets, widow of the said George W. Sheets, Granville L. Wetsel, executor of the will, and Ira Sheets, son of the testator and a legatee under the will by his guardian, Eliza A. Sheets, are parties.

The clauses in the will under which the controversy arises, are the third, fifth and eighth; the executor claiming that the money bequeathed to Ira Sheets by the third clause should not be paid to his guardian, but held by the executor or paid to a trustee and the income paid to the guardian, and Eliza A. Sheets claiming that it should be paid to her as guardian; the executor claiming that the money bequeathed to said Eliza A. Sheets by the fifth clause should be paid to her on her giving bond not to expend the principal, otherwise to be paid to a trustee and the income paid to her, and the said Eliza A. Sheets claiming that the same be paid to her to use and expend as she sees fit; what is left at her marriage or death to go to said Ira Sheets; and the executor claiming that Eliza Sheets is not entitled to the possession and control of the money bequeathed to her by the eighth clause of said will, but that the same should be paid to a trustee, and the income only paid to her; and the said Eliza Sheets claiming that she is entitled to the possession, use and control thereof until her marriage or death.

The third, fifth and eighth clauses are as follows:

" 3. Subject to the above provision for my said wife, Eliza, I give and devise unto my said son, Ira Sheets, the said above described two tracts of land for the sole use of himself, his heirs and assigns, forever, and in addition thereto I give and

bequeath to him the sum of $1,000, to be paid to him out of my estate on his arrival at twenty-one years of age.

"5. I give and devise to my beloved wife, Eliza, the sum of $1,000, to be paid to her out of my estate as soon as practicable after my death, and which she is authorized to use in such way as she may see proper during her life, or so long as she may remain my widow. But upon her death or marriage, that part thereof which she may not have expended I give and bequeath to my son, Ira Sheets, for his sole use forever.

"8. And other personal property that may be over at my death, after paying the legacies herein provided for, I give and devise the use thereof to my beloved wife, Eliza, during her life, if she so long remains my widow, and upon her death or marriage, or should she renounce the will, I give and bequeath the same to my beloved son, Ira Sheets, for his sole use forever."

As to the third clause, the court below decreed that the $1,000 to be paid to Ira Sheets on his arrival at twenty-one years of age, should be paid to certain trustees appointed by the court, who should hold the same, and pay the interest to be received upon it when loaned, to the guardian of said Ira Sheets until his majority, when the principal should be paid to him.

No complaint is made of this decree except that the money should at once be paid to the guardian of Ira Sheets. The real difficulty it seems to us is in determining who is entitled to receive the interest on this $1,000 during the minority of Ira Sheets. Taking the literal language of the third clause, it would seem that the money must be held by the estate and is not due, either principal or interest, to Ira, until his majority. Taking the whole will into consideration however, it is quite reasonable to suppose that the intention of the testator was to give to his son, Ira, the use and benefit of the $1,000 immediately, but to postpone the payment to him of the principal until his majority; we are inclined to think this is the correct view, and if it is, there is no error in the decree of the court in reference to the third clause.

In construing the fifth clause, the court held that Eliza A.

Sheets, the widow, was only entitled to a life estate in the $1,000 mentioned therein, and ordered that it might be paid to her, provided she gave bond conditioned that if she should again marry, or if she should not marry again, then that her legal representatives should upon her death pay to Ira Sheets the principal sum. The decree further provided that in default of giving such bond, the money should be paid to trustees, and the interest only paid to her.

We think this was not the proper construction to be given to this clause. It is well settled that the intention of the testator, if not inconsistent with the rules of law, must govern in the construction of a will. Hamlin v. U. S. Ex. Co., 107 Ill. 443; Henderson v. Blackburn, 104 Ill. 227.

The language of the fifth clause, in our opinion, can admit of but one construction, i. e., that the widow was to be paid the $1,000, and she was to use the same in such way as she might see proper during her life, or while she remained the widow of the testator. She might entirely consume it or any part of it, if, in her judgment, her necessity required it. Only such portion, if any, which remained unexpended at her death or re-marriage would pass to and vest in Ira Sheets.

It is true the general rule is, that when the use of money is given to one for life, with remainder over to another, the former has no right to the possession of the money so bequeathed, but it should be put at interest, the interest paid to the tenant for life, and the principal retained for the remainder-man. Welsch v. Belleville Savings Bank, 94 Ill. 206. But the language of the fifth clause will not admit of such a construction.

Had the widow been given the use of $1,000 and at her death or re-marriage the same to pass to Ira Sheets, the above rule would have prevailed. But the money is to be paid to her. She is then authorized to use it in such way as she may see proper; and to make his intention clear, the testator expressly limits the remainder over to Ira Sheets to " that part thereof which she may not have expended."

No language could make his intention clearer; hence we think the decree of the court as to the fifth clause of the will

was erroneous; and as to this $1,000 the court should have directed it to be paid to the widow absolutely and without conditions. If she consumes it all so that there is nothing left for Ira Sheets, it is a contingency which the testator seems to have fully realized and provided for.

By the eighth clause, the property, of which the use is given to the widow, with remainder to Ira Sheets, clearly comes within the doctrine in the Welsch case, *supra*, and the decree provides for its disposition in accordance therewith. The decree of the Circuit Court will be affirmed as to the third and eighth clauses of the will and reversed as to the fifth.

The cause will be remanded with directions to the Circuit Court to amend its decree in accordance with the views herein expressed. The executors to pay the costs made in this court.

*Affirmed in part and reversed in part with directions.*