DERASTUS SWARTHOUT AND OTHERS, APPELLANTS, v. WILLIAM F. RANIER, RESPONDENT.

*Will — life estate, with conditional power to dispose of the corpus — mortgage by beneficiary — cloud on the title of the heirs to the fee.*

A will contained the following provision: "I will, devise and bequeath to my wife, Ann Elizabeth Swarthout, all of my property, both real and personal, * * * to have and to hold for her comfort and support all of the above-named property, if she needs the same, during her natural lifetime," followed by a legacy to another, "if there is enough of my property left at the death of my wife."

*Held*, that this gave the wife more than a life estate, namely, the right and power to break into the *corpus* of the estate and dispose of the property "during her natural life," if, and on the condition that, she needed the same "for her comfort and support," but did not give her an absolute estate in fee.

The wife named in said will survived the testator, and after his death married one R., and thereafter executed to R. a mortgage upon the testator's real estate, which was duly recorded, to secure the payment of a certain sum to R. The mortgagor died before the mortgage became due, and the testator's heirs-at-law

thereupon brought suit against R. to remove the mortgage as a cloud on their title as owners of the fee in the testator's realty. When the case came on for trial, and before any evidence was produced, the complaint was dismissed on the ground that it did not state facts sufficient to constitute a cause of action.

*Held,* that, for the purposes of an appeal, the averments of the complaint, as to matters *dehors* the will and mortgage (which were set out in the complaint), must be taken as true, and that no reference should be had to the averments of the answer.

That the mortgage was not invalid on its face, and that a defense to it would necessarily require the proof of facts *aliunde* the mortgage and the will.

That, as the complaint alleged that the mortgage was not given for the wife's "comfort and support," and that it was wholly without consideration, illegal and void, and as in order to support such allegations resort must be had to parol evidence of facts *aliunde* the will and mortgage, a case for equitable relief was presented.

APPEAL by the plaintiffs, Derastus Swarthout and others, from a judgment, entered in the Schuyler county clerk's office on the 20th day of July, 1892, upon a decision made at the Schuyler county Special Term, dismissing the plaintiffs' complaint, with costs, with notice of an intention to bring up for review, upon such appeal, the order of said Special Term dismissing the complaint.

The judgment recites that upon the case coming on for trial an order was "then and there made upon the pleadings dismissing the plaintiffs' complaint, with costs to the defendant." The appeal book contains no findings made by the trial court. The case states that when the cause was reached and moved for trial "the defendant's attorney then and there moved to dismiss the complaint and the action upon the pleadings, and thereupon the said court dismissed the complaint of the plaintiffs and the action, with costs to the defendant, to which the plaintiffs' counsel then and there duly excepted."

In the complaint it is alleged : That Darius Swarthout died in the town of Tyrone, Schuyler county, on the 1st day of October, 1886, leaving his last will and testament, a copy of it is set out; that the will was admitted to probate on the 25th of October, 1886, and letters testamentary issued to Doughty, the executor, and the testator left him surviving his widow, Ann E. Swarthout, but left no children or descendants, and left no father him surviving ; that he left Joanna Swarthout, his mother (who has since died), and Derastus Swarthout and the other plaintiffs, "his brother and sisters and

only heirs-at-law ; " that the testator, at the time of his decease was the owner in fee and died seized of the lands described in the complaint, consisting of about eighty-one acres. It also alleged that "under and by virtue of the said will, the said Ann E. Swarthout took a life estate in the real and personal property of which the said Darius Swarthout, deceased, died seized, to have and to hold the same for her comfort and support, if she needed the same, during her natural life, and which was all the estate or interest that she had or took in and to said estate, or any part thereof, and that she had no other or different estate or interest in the same." Also that she, under and by virtue of the will, took and received all of the personal property of which the said Darius Swarthout died seized, amounting in all to the sum of $1,200; that she had the sole use, profits and enjoyment of all the lands and premises aforesaid " for and during her natural life." That in the month of April, 1890, she intermarried with the defendant and was his wife until the 29th day of September, 1891, at which time she departed this life at Penn Yan, leaving her husband, the defendant, her surviving. Also, " that at the decease of the said Ann E. Ranier, the said lands and premises herein described remained intact, and had not, nor had any part thereof, been used and disposed of for the comfort and support of the said Ann E. Ranier, formerly Ann E. Swarthout, under the provision of said will, and that the same, upon her decease, descended to the plaintiff, Joanna Swarthout, during her life, and the reversion to the plaintiffs * * * in fee as the heirs-at-law of said Darius Swarthout, deceased."

It also alleged that " on the 1st day of October, 1891, the defendant herein caused to be recorded in the records in the Schuyler county clerk's office, at Watkins, N. Y., in Book 30 of Mortgages, at page 139, a certain written instrument purporting to be an indenture of mortgage, and which purported to be executed and acknowledged by the said Ann E. Ranier, formerly Ann E. Swarthout, to the defendant, and purporting to secure to the defendant the payment of the sum of three thousand dollars and interest thereon, and purporting to cover and bind the said lands and premises hereinbefore described for such payment, and dated on the 1st day of July, 1890, a copy of which said instrument" is set out.

It also alleged : " And these plaintiffs further allege that the said

Ann E. Ranier had no right, power or authority to execute, acknowledge or deliver to the defendant, or any other person, the said instrument marked 'B' for the purpose of binding and charging the fee in remainder of said lands and premises, and that said instrument purporting to be executed by her, was and is, as these plaintiffs are informed and believe, wholly without consideration, illegal and void as against these plaintiffs and their several interests in said lands and premises."

It also alleged " that said defendant claims and insists that said instrument is a good, valid and subsisting lien and mortgage upon the whole of said lands and premises, and upon the interests of these plaintiffs therein, and that the defendant intends to insist upon the collection and payment of the same out of the said lands and premises." Also that before the commencement of this action the plaintiffs, " requested and demanded of said defendant that he execute and acknowledge " a satisfaction of said mortgage, which he refused to do. Also, " that said instrument is and still remains upon the records of Schuyler county, and is and creates an apparent lien and incumbrance to the amount of $3,000 and interest upon said lands and premises, and the interests of these plaintiffs therein, and is a cloud upon their interests and title thereto." The complaint contains a suitable prayer for relief.

The testator's will bears date the 17th day of August, 1878, and contains the following language :

" *First.* My will and desire is that all my just and lawful debts and funeral expenses be paid.

" *Second.* I will, devise and bequeath to my wife, Ann Elizabeth Swarthout, all of my property, both real and personal, household goods of whatever name or nature, promissory notes, notes, bonds, mortgages, bank bills, etc., to have and to hold for her comfort and support, all of the above-named property, if she needs the same, during her natural lifetime, if she should outlive me.

" *Third.* My will and desire is that, after the death of my wife, Ann Elizabeth Swarthout, I will, devise and bequeath to the Wayne Village Baptist Church one thousand dollars, to be put out at interest, and the annual interest is to go toward the supporting a minister to preach for the said church, if there is enough of my property left at the death of my wife.

"*Fourth.* I hereby appoint my friend, William H. Doughty, as my only executor and trustee to this, my last will and testament, hereby revoking all former wills made by me.

The answer of the defendant alleged "that on the 9th day of July, 1890, the said Ann E. Swarthout, then Ann E. Ranier, executed, acknowledged, sealed and delivered to this defendant her bond in the penal sum of $6,000, conditioned for the payment of $3,000 to this defendant, his representatives or assigns, five years from July 1, 1890, with interest at six per cent per annum, payable semi-annually, and in and by said bond she charged her separate estate with the payment thereof, and acknowledged that such indebtedness was contracted for the benefit of such estate; and for the purpose of securing the payment of such bond, she, Ann E. Ranier, executed, acknowledged and delivered to this defendant, on the said 9th day of July, 1890, a mortgage, which is the same mortgage referred to in the complaint." The answer also denied "that said Ann E. Ranier had no right, power or authority to execute, acknowledge or deliver to this defendant the said mortgage for the purpose of binding and charging the fee in remainder of said lands and premises described therein; and he denies that said instrument was or is without consideration, or illegal or void, as against the plaintiffs."

*Briggs & Sunderlin,* for the appellants.

*James S. Havens,* for the respondent.

HARDIN, P. J.:

As no evidence was produced upon the trial, and as it is claimed the court dismissed the complaint on the ground that the complaint did not state facts sufficient to constitute a cause of action, "the averments of the complaint as to matters *dehors* the will, must, therefore, for the purposes of the present appeal, be taken as true, and no reference to the answer is necessary or proper." (*Smith* v. *Van Ostrand,* 64 N. Y., 280.) The formal language found in the mortgage which was executed on the 9th of July, 1890, was sufficient confessedly to cover and bind the life estate of Ann E. during the period from the date of the mortgage to the 2th day of September, 1891. If she only took a life estate in the premises, which expired at her death, there would be no foundation for the plaintiffs'

action, or necessity for the same, as the lien created by the mortgage would have ceased by the termination of her life; but the language found in the will, we think, gave her more than a life estate in the premises. She was clothed with power to use during her natural life the *corpus* of the estate " for her comfort and support." (*Allport v. Jerrett et al.*, 41 N. Y. St. Rep., 32, and cases there cited.) The testator gave her something more than a life estate; he gave her the right and power to break into the *corpus* of the estate and use the same for her comfort and support during her natural life. This power of disposition was conditional, however, she being authorized to use " for her comfort and support all of the " property given to her by the will on condition that " she needs the same during her natural life." It seemed to have occurred to the testator that there was uncertainty as to how much, under the power thus given, of the property would be converted and applied to her " comfort and support," for in the third provision of the will, which gives the $1,000 to the church, after the death of the widow, he states that his desire is that the $1,000 be given after the death of the wife, if " there is enough of my (his) property left at the death of my (his) wife." (*Smith v. Van Ostrand*, 64 N. Y., 284, and cases there cited; *Rose v. Hatch*, 125 id., 433; *Thomas v. Pardee*, 12 Hun, 151.) The case is unlike *Clarke v. Leupp* (88 N. Y., 228), as the devisee in that case was " authorized to take charge of my property after my death and to retain or dispose of the same for the benefit of herself and children above named." The language found in the will, which fell under construction in *Crain v. Wright* (36 Hun, 74; S. C., affirmed 114 N. Y., 307), differs from the language in the will before us; there the widow was given the land " to have and to hold for her benefit and support;" and in the course of Judge VANN's opinion, in the Court of Appeals in that case, he said: " In *Henderson v. Blackburn* (104 Ill., 227), and *Payne v. Barnes* (100 Mass., 470), cited by the learned counsel for the appellant, there was an express limitation of the gift by the use of the words 'during her lifetime' in the former, and 'during her natural life' in the latter. In the absence of such express terms and when the effort to qualify the estate depends wholly upon necessary implication, a strong and clear case is required to satisfy the statute." In the case in hand it cannot be

doubted that the widow had power to dispose of the property " during her natural life," if she needed the same " for her comfort and support," and for that purpose she was " to have and to hold the property during her natural life." (*Greyston* v. *Clark*, 41 Hun, 125, and cases referred to in the opinion.)

The learned counsel for the respondent calls our attention to *Vernon* v. *Vernon* (53 N. Y., 351); in that case the language in the will which fell under consideration, gave to the wife " the house in which I (testator) reside, together with the eight lots adjoining;" this language was followed by a provision that the executors might sell the property " and invest the proceeds in good securities of not less than six per cent per annum for her benefit, during her natural life;" and in the course of the opinion of ANDREWS, J., it was said : " It is supposed that the direction, that the executors, in case of a sale by them of the house and adjoining lots, shall invest the proceeds for her benefit during ' her life,' indicates an attention to give her a life estate only, in that property. The language employed by the testator in the devise to his wife, although no words of inheritance are used, is appropriate to convey a fee. Disconnected with the power of sale subsequently given, no doubt could be entertained that the gift of the fee was intended. The power of sale was contingent, not absolute. It might never be exercised. There is no limitation of the interest of the wife in the land to the use only; and if the power of sale should never be exercised, her interest should not be cut down to a life estate by a vague and uncertain implication arising from the direction that in case of a sale the proceeds should be invested for her benefit for life. The direction as to investment is to be regarded simply as a careful provision made by the testator for the purpose of securing to the wife the enjoyment of the property given to her; and the proceeds arising from the sale, in case the power of sale was exercised, would belong to her, subject to the trust for investment for her benefit " We think the case does not support the position taken by the respondent, in which he asserts that the language of the will before us gave the fee, " subject only to the legacy to the church, and enough for her comfort and support during her natural life, if she needed the same." It is not needful in this case to determine that she did not have " the right to consume for her comfort and support during her natural life, if

she needed the same," all of the estate and property left by her husband ; so that "after the death of the wife" there should not be enough of the property left to pay the legacy to the church. In passing it may be remarked that probably it was the intention of the testator that the church legacy should encounter the contingencies that might surround her requiring or authorizing her to use the whole estate for her comfort and support, and that if she did so the legacy to the church would fail.

Respondent calls our attention to *Schult* v. *Moll* (132 N. Y., 122) in support of his contention that the fee passed to the widow. Upon examination of that case we find the language quite unlike the language used in the case before us. After the testator had provided expressly for two-thirds of his estate, he added the words " to my wife, Babetta Hablawitz, one-third, that is to say, her dower right to my estate ; " and those words were construed in connection with the whole phraseology to carry an absolute estate to the wife of one-third, and the conclusion was reached that, if the words " that is to say, her dower right " were omitted, the devise would unquestionably carry the fee. For the reasons already given the conclusion is reached that they were not employed for the purpose of restricting or cutting down the estate, and the clause should accordingly be read as devising to Babetta the fee of an undivided one-third of the testator's real estate."

We see nothing in the case which sustains the position assumed by the respondent.

But it is claimed by the respondent that, " because the courts have limited this form of action to those cases in which the alleged invalidity of the instrument attacked as a ' cloud ' is such that it will not necessarily appear in proceedings to enforce the instrument," this action cannot be maintained. In considering this question it must be assumed to be well settled by authority " that, where the lien is invalid upon its face, or where the invalidity will necessarily appear in any proceeding taken to enforce title under it, then the jurisdiction of a court of equity cannot be invoked to set it aside. Then the owner must wait until his title is actually assailed under the lien, and his defense will always be at hand." (*Townsend* v. *The Mayor*, 77 N. Y., 546, and cases there cited ; *Carpenter* v. *Carpenter*, 40 Hun, 263, and cases therein cited in the opinion of the

court.) If the mortgagee were to bring an action to foreclose his mortgage he would be able to establish his right to a judgment of foreclosure which might produce a sale and deed by proving the execution of the mortgage by the mortgagor, his wife, the deceased. In doing so it would not be necessary in the first instance to show any facts *aliunde* the mortgage; nor would the mortgage upon inspection present any "illegality" which would defeat the same; nor would any illegality appear in the mortgage if the will of Swarthout was read in evidence.

Other facts and circumstances would be necessary to defeat the operation of the mortgage, and a defense to the mortgage would necessarily require facts *aliunde* the mortgage and the will. If it be assumed that the devisee, Ann, had power to use, during her life for her "comfort and support," the body of the estate left by her first husband, inquiry would necessarily be made as to whether she exercised that power in her lifetime. Did she, by executing the bond and mortgage mentioned in the pleadings, exercise such power? It may be observed incidentally that the mortgage was given to secure her bond, and the defendant in his answer alleged that the bond was given for $3,000, and that "in and by said bond she charged her separate estate with the payment thereof and acknowledged that such indebtedness was contracted for the benefit of such estate." What separate estate was it given to benefit? If given to benefit her separate estate, was it given for her "comfort and support?" When it was given the defendant was her husband, and under a legal obligation to supply her with support, and this circumstance tends rather to support the allegation that the bond and mortgage were given for the benefit of her separate estate, rather than for her "comfort and support." However, upon turning to the complaint for the facts upon which our decision must rest, we find the plaintiffs have alleged that the mortgage was not given for her comfort and support, and that the same was "wholly without consideration, illegal and void, as against these plaintiffs and their several interests in said lands," and that the lands "had not, nor had any part thereof, been used or disposed of for the comfort and support of said Ann E. Ranier, formerly Ann E. Swarthout, under the provisions of said will, and that the same upon her

decease descended" to the plaintiffs. To establish this by proof, adequate to support such allegations, resort must be had to parol evidence of facts and circumstances *aliunde* the will and the mortgage. We think, therefore, the case falls within the rule stated and applied in *Carpenter* v. *Carpenter* (*supra*). Assuming, therefore, that such parol evidence must be given, which may be lost by lapse of time, as stated in the complaint, which we must assume to be true (*Smith* v. *Van Ostrand, supra*), we think a case is made out which entitles the plaintiff to the interference of a court of equity. (*Smith* v. *Reid,* 134 N. Y., 578.) If the defendant never gave any consideration for the mortgage, took the same, as is alleged in the complaint, "wholly without consideration," it would seem to be the appropriate office of a court of equity upon ascertaining such facts to grant relief at the instance of the owners of the fee.

In delivering the opinion in *Schoener* v. *Lissauer* (107 N. Y., 111), which was an action brought by the heirs-at-law to procure the cancellation and discharge of a mortgage, it was said: "The case made by the complaint and findings was a proper one for the removal of a cloud upon the title of the plaintiffs to the real estate which they had inherited from their mother. The mortgage was certainly an apparent lien upon their title and the facts which constituted their defense to it could only be established by extrinsic evidence;" and later on in the opinion it was said the action is brought "to compel the cancellation of an instrument to which they have a good defense, but which constitutes an apparent lien, and, so long as it remains outstanding, injuriously affects their title, and their defense to which, resting on extrinsic facts to be established by evidence, may be imperiled by the lapse of time and the consequent loss of testimony. * * * It is an acknowledged head of equity jurisdiction, resting on these grounds, to remove clouds upon the title to land, at the suit of the owner of the fee. Such owner has the right to invoke this aid and to have an apparent, though not real incumbrance, discharged of record at any time while he continues to be owner. * * * The cause of action is not the creation of the cloud, but its existence, its effect upon the title of the owner, and his right to have it removed." The doctrine we have just quoted was referred to approvingly in *Smith* v. *Reed*

(48 N. Y. St. Rep., 162). In the case in hand, as already stated, the complaint alleges that the income and use of the estate devised were sufficient for the comfort and support of the mortgagor, and that no part of the *corpus* of the estate was needed or used for that purpose, and that before the commencement of this action the defendant was requested to release the premises and discharge the mortgage therefrom and that he refused to so do, and that he insisted, before the the action was commenced, that the mortgage was a valid, subsisting lien upon the premises, and he has taken that position in the answer that was served in this case. We think the Special Term fell into an error in refusing to consider the issues joined between the parties after hearing facts bearing upon the merits thereof, and that a new trial should be had where all the questions important to determine the rights of the parties may be presented and fully considered after the evidence shall be given relating thereto.

MARTIN and MERWIN, JJ., concurred.

Judgment and order reversed and a new trial ordered, with costs to abide the event.