(39 Misc. Rep. 272.)

YUTTE v. YUTTE et al.

(Supreme Court, Special Term, New York County. November, 1902.)

1. DOWER—DEED BEFORE MARRIAGE.

    A father conveyed one of two lots to each of his two sons for the actual consideration of $1, and gave the deeds to an attorney to hold during the grantor's life, they to be recorded and delivered at his death to the grantees, the grantor receiving the rents and profits during his life. He subsequently married, and on his death the attorney recorded and delivered the deeds. Held, that title passed on delivery of the deeds to the attorney, and there was no estate on the subsequent marriage to which a right of dower could attach.

Action by Anna Yutte against John Yutte and others for dower. Judgment for defendants.

¶ 1. See Dower, vol. 17, Cent. Dig. § 16.

Norman W. Kerngood, for plaintiff.

McCrea & Taylor (William G. McCrea, of counsel), for defendants.

KEENER, J. This is an action by a widow to establish a right to dower in two parcels of real estate. The real estate in which dower is claimed was purchased in April, 1900, by Henry Yutte, the plaintiff's deceased husband. On September 18, 1900, he executed deeds conveying these two lots to his sons, John and Henry, the principal defendants in this action. The sons were present at the execution of the deeds, and actually paid the consideration of $1 expressed therein. After the deeds were executed and acknowledged, and while his sons were still present, the grantor handed them to one Forrest, an attorney, asking Forrest to take possession of them, and to hold them during his lifetime, and at his death to record and deliver them to the grantees. He also stated to Forrest that he wished to have the rents and income from the property during his lifetime. On September 19, 1901, a year after the execution of the deeds, Yutte married the plaintiff, and died intestate November 21, 1901. A few days thereafter Forrest had the deeds recorded, and delivered them to the grantees, in accordance with the grantor's instructions. The defendants concede that the grantor collected and expended the rents from the two houses and made repairs on them and kept them insured in his own name during his lifetime. It is alleged in the complaint that the grantor represented to the plaintiff that he owned this real estate, and that she was induced to marry him by this representation. It is also alleged in the complaint that the grantees were guilty of fraud and conspiracy in obtaining possession of the deeds and in their subsequent dealings with the property. But these allegations were all denied by the answer, and upon the trial no proof was offered as to any of them. The sole question arising from these facts, therefore, is whether Yutte, the grantor, was seised of this real estate at any time during the marriage. Laws 1896, c. 547, § 170. Whether the deed in this case is to be treated as a present conveyance or as a delivery to a third person for subsequent delivery to the grantees, the grantor seems to have devested himself of title when he handed the deeds over to Forrest. There are facts here sufficient to make the transaction a present delivery to a stranger for the use of the grantees, which is tantamount to a delivery to the grantees themselves. Church v. Gilman, 15 Wend. 656, 30 Am. Dec. 82; Crain v. Wright, 114 N. Y. 307, 21 N. E. 401. The additional directions to Forrest are not necessarily inconsistent with a present delivery. Crain v. Wright, 114 N. Y. 307, 311, 21 N. E. 401. The grantees were present, and paid the agreed consideration, so that there can be no question as to their acceptance of the conveyances. The directions to Forrest might well evidence nothing further than an amicable arrangement to keep the deeds from record during the grantor's life, in order that no question should arise as to the rights which it was agreed he should have during his lifetime. Such being the case, the grantor was not seised of this land when he married the plaintiff, and she took no right of dower in it. But, assuming

there was no present delivery, the other possible interpretation of
this transaction is equally fatal to the plaintiff's claim. It may be
treated as a delivery of a deed to a third person to deliver to the
grantees upon the happening of a contingency, namely, the death of
the grantor,—a contingency certain as to event, but uncertain as to
date. When a deed is delivered in escrow,—that is, to be delivered
to the grantee by the depositary upon the performance by the gran-
tee of some condition,—and the grantor dies, and the grantee there-
after performs the condition, a delivery to him is effectual to pass
title. The passing of title is deemed to be as of the date of the de-
livery of the deed to the third person. Perryman's Case, 3 Rep.
84. This doctrine has also been applied where the contingency
expressed was the death of the grantor. Tooley v. Dibble, 2 Hill,
641, 643; Hathaway v. Payne, 34 N. Y. 92, 105, 113; Campbell v.
Morgan, 68 Hun, 490, 495, 22 N. Y. Supp. 1001. The result from
these authorities seems to be inevitable. The grantor devested him-
self of title when he delivered the deeds to Forrest. Hence the plain-
tiff has no dower right in this real estate. Judgment for the defend-
ants, with costs. Settle decision and final judgment on two days'
notice.

Judgment for defendants, with costs.