(44 Misc. Rep. 437.)

BOSEA v. LENT.

(Supreme Court, Trial Term, Schenectady County. July, 1903.)

1. DEED—CONSIDERATION.

> Where a husband executed a deed of property to his wife, and placed it in escrow to be delivered to the grantee if the grantor got drunk again, there was no consideration for the deed, and where at the time of his death it had not been delivered, he was the owner of the property though he had been drunk.

Action by Lela S. Bosea against Harriet L. Lent. Judgment for plaintiff.

John D. Miller, for plaintiff.
Yates & Groupe, for defendant.

JOHN M. KELLOGG, J. Plaintiff asks judgment that she be declared to be the owner of certain real estate subject to the dower interest of the defendant, Harriet F. Lent, her mother, and that the deed of said premises given by W. Raymond Lent, deceased, her father, to the defendant, Harriet F. Lent, her mother, be canceled of record. This deed was executed by W. Raymond Lent, July 10, 1903, and left with D. M. Chadsey, the attorney who prepared it, and at the time the said Chadsey made the following indorsement upon said deed: "This deed was delivered to me as an escrow by the grantor, to be handed over to the grantee or her heirs on the happening of this event, and not before, on the grantor's getting drunk again after this date. Dated, July 10, 1893. D. M. Chadsey," and that indorsement fairly represented the understanding and only consideration upon which such deed was executed. After the death of the grantor, the said Chadsey, upon receiving the affidavit·of the wife that the husband had been drunk since the date of the deed, delivered the deed to her, and she caused it to be recorded. Upon the trial the jury made a special finding that the grantor did not get drunk after the date of the deed. The defendant now moves to set aside that verdict as against the weight of evidence, and the plaintiff now moves for the judgment demanded in the complaint. It is unnecessary to determine whether the verdict is or is not sustained by the evidence, for the reason that the defendant has shown no defense to the plaintiff's claim.

A delivery in escrow presupposes a valid contract pursuant to which the deposit is made. And if the condition of the escrow is performed, but the deed is not delivered during the lifetime of the grantor, the delivery is nevertheless sustained. Stanton v. Miller, 58 N. Y. 192.

This is not a deed in escrow because not made pursuant to any valid contract and not depending upon any condition to be performed by the grantee, but the condition depended entirely upon the volition and act of the grantor himself. Neither was it a delivery to a third person for the benefit of the grantee so as to pass title, for it was accompanied with a condition, and the terms of its delivery showed an intention not then to pass title. Crain v. Wright, 36 Hun, 74; Id., 114 N. Y. 307, 21 N. E. 401. The deed was, therefore, left with Chadsey as the agent of the grantor, to be delivered by him if the grantor got drunk again,

and can have no greater effect than a mere agreement of Lent that, in case he did get drunk again, he would execute and deliver the deed. The deed not having been delivered to the grantee in the lifetime of the grantor, any authority in Chadsey to deliver it, so far as he was representing the grantor, terminated with the grantor's death; and the deed can only be sustained by showing that a valid agreement was made upon sufficient consideration for the transfer of this property to the defendant. It is undisputed that the husband might give his property to the wife without any consideration, might give it to her for the reason that he became intoxicated and that it was unsafe in his hands, or that he felt that it was a fair and just compensation to her for the trouble and annoyance which she suffered on account of his intoxication, or for love and affection. But he did not deliver the deed; he simply agreed to deliver it, and the agreement is without any consideration whatever. An executory contract to be of force must be mutually binding, and there must be a consideration passing from each party as an agreed equivalent for the consideration to come from the other. Here the husband has simply agreed to forfeit his property in case his appetite gets the better of his judgment. The wife has agreed to do nothing, and has done nothing. She is simply to receive the benefit if the husband gets drunk. He is to get no benefit or advantage directly or indirectly from the terms of the agreement. It will not do to say that it was deemed that if he got drunk again the property was unsafe in his hands and was to be put in the wife's hands for safety, because that represents a mere matter of family policy and expediency, resting entirely in promise but devoid of all consideration. And while a court of equity will many times sustain transfers by the husband to the wife on account of the duty and obligation for the support and maintenance of the wife, it is against public policy to have these agreements in a family by which each may forfeit to the other all or a part of his or her property on account of certain shortcomings which he or she may have. It sets each party in the position of benefiting by the frailties and mistakes of the other, and it cannot be sustained upon the theory of public policy. So far as the idea enters that the wife was to live with and care for the husband, it can furnish no consideration, because that is a duty resting upon her growing out of the marital relation.

We are cited to the case of Hamer v. Sidway, 124 N. Y. 538, 27 N. E. 256, 12 L. R. A. 463, 21 Am. St. Rep. 693, where the uncle agreed to give the nephew $5,000 if he would refrain from drinking liquor or using tobacco, swearing, and playing cards or billiards for money until he should become 21 years of age, where the infant having performed it was held he was entitled to the $5,000. This proceeds upon the theory that the uncle made a proposition to the nephew, and the nephew gave up certain rights which he had, and adapted his conduct to the particular wishes of the uncle in that respect, and that those acts upon the part of the nephew were a sufficient consideration to support the promise. The court say (at page 545, 124 N. Y., page 257, 27 N. E., 12 L. R. A. 463, 21 Am. St. Rep. 693): "In general, a waiver of any legal right at the request of another party is a sufficient consideration for a promise." The nephew had the right to do any one of the acts which the uncle requested him not to do. And while it was probably

beneficial to him, taking a correct view of human life, to refrain from doing those acts, the fact remains that he waived those rights at the request of the uncle, and such waiver upon his part was by the contract a sufficient consideration for the $5,000. Under the above case, if the husband had agreed to deed the property to the wife in case she would adopt a certain line of conduct, or do certain things which she was not called upon to do under her marital duties, we can see a direct consideration for his promise. But here, whether she gets the house and lot does not depend upon anything she may do or has done, but depends upon his own action and conduct. It is in the nature of a penalty. She, of course, has an interest in the husband remaining sober and industrious, but it is not such an interest that she can enforce by contract with him under the penalty of forfeiture to be suffered in case of his default.

I, therefore, hold that there is no consideration for the deed or the delivery thereof, and that, at the time of his death, the deed never having been delivered, the husband was the owner of the property, and the plaintiff as his daughter inherited the same subject to the dower interest of the mother, the defendant. The plaintiff is, therefore, entitled to judgment for the relief demanded in the complaint.

Judgment for plaintiff.